ANDREW LAPICA, M.D., Petitioner, v. EIGHTH JUDI-
CIAL DISTRICT COURT OF THE STATE OF
NEVADA IN AND FOR THE COUNTY OF CLARK
and HONORABLE THOMAS J. O'DONNELL,
Respondents, and THELMA GREGORY, Real Party
in Interest.

No. 12914

March 12, 1981                                  624 P.2d 1003

[Rehearing denied May 18, 1981]

*Dickerson, Miles, Pico, Mitchell & Wagner,* Las Vegas, for
Petitioner.

*R. Steven Young,* Las Vegas, for Respondents and Real
Party in Interest.

# OPINION

*Per Curiam:*

Lapica seeks a writ of mandamus ordering the district court to enter summary judgment in his favor in the medical malpractice case styled Thelma Gregory v. Sunrise Hospital, Inc., Andrew Lapica, M.D., et al. A summary judgment should be granted when there is no genuine issue of fact, and the movant is entitled to judgment as a matter of law. NRCP 56(c); *see* Coray v. Hom, 80 Nev. 39, 389 P.2d 76 (1964). The denial of summary judgment is reviewable by proceedings in mandamus. Sorenson v. Pavlikowski, 94 Nev. 440, 581 P.2d 851 (1978); Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964); NRAP 3A(b)(5). The facts in this case are undisputed. The only question is one of law: whether Gregory's malpractice claim is barred by the statute of limitations.

The statute of limitations for medical malpractice actions is four years after the date of injury or two years from the date that plaintiff discovers or should have discovered the injury, whichever occurs first. NRS 41A.097. Gregory discovered the alleged injury on August 4, 1975, thus triggering the two-year limitation period. Nevada law requires submission of medical malpractice cases to a medical-legal screening panel as a prerequisite to filing such suits in the courts. NRS 41A.070. The statute of limitations is tolled from the date the claimant files a request for a screening panel hearing until the panel notifies the parties of its findings in writing. NRS 41A.080.

Gregory's petition for a screening panel hearing was filed on June 6, 1977, just 59 days before the statute of limitations would have barred her suit. The statute was tolled at this point. Gregory filed her lawsuit against Lapica on June 24, 1977. By March 6, 1978, both parties had received written notice of the panel's decision that Lapica was not guilty of malpractice. On August 17, 1978, Lapica was served with a summons and a copy of the June 24, 1977 complaint.

Citing NRS 41A.070, Lapica contends that Gregory's complaint, filed prior to the panel's decision, was of no force and effect. NRS 41A.070 provides:

> No cause of action involving medical malpractice may be filed until the medical malpractice case has been submitted to an appropriate screening panel and a determination made by such panel as provided in this chapter, and any action filed without satisfying the requirements of this chapter is subject to dismissal for failure to comply with this section.

If Gregory's premature filing of the complaint rendered it void, as Lapica contends, she would have had 59 days from March 6, 1978 within which to file a new complaint. Since she failed to do so, the statute of limitations would bar her action, and summary judgment in Lapica's favor should be granted.

Lapica's argument is not persuasive in light of the final clause in NRS 41A.070, which provides that "any action filed without satisfying the requirements of this chapter is *subject to* dismissal for failure to comply with this section." (Emphasis added.) The words "subject to" denote judicial discretion, *i.e.,* they indicate that a premature complaint is not automatically void, but that it may be dismissed. Apparently Lapica did not move to dismiss the complaint, and the district court did not *sua sponte* dismiss it. Therefore, we conclude that the complaint was valid from the date of its filing, and it was filed within the two-year limitation period. Accordingly, the petition for a writ of mandamus is denied.