[No. A039081. First Dist., Div. Two. Feb. 2, 1988.]

BOB McCORMICK et al., Plaintiffs and Appellants, v.
BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF
SAN FRANCISCO et al., Defendants and Respondents;
BRIDGE HOUSING CORPORATION, Real Party in Interest and
Respondent.

COUNSEL

Edward A. Koplowitz and MacInnis, Donner & Koplowitz for Plaintiffs and Appellants.

Louise H. Renne, City Attorney, Paula Jesson, Melba Yee and Richard Judd, Deputy City Attorneys, for Defendants and Respondents.

Zane O. Gresham, Michael M. Carlson, Robert D. Mullaney and Morrison & Foerster for Real Party in Interest and Respondent.

OPINION

SMITH, J.—In *San Franciscans For Reasonable Growth* v. *City and County of San Francisco* (1987) 189 Cal.App.3d 498 [234 Cal.Rptr. 527], we held that Public Resources Code section 21167.4 (hereinafter section 21167.4) triggers mandatory dismissal of a petition for writ of mandate under the California Environmental Quality Act (CEQA) on the motion of a party or the court's own motion where the petitioner does not request a hearing within 90 days of filing the petition. (*Id.,* at p. 504.)[1]

In this case we are called upon to decide what constitutes sufficient compliance with the "request for hearing" requirement under section 21167.4. We also consider the availability of Code of Civil Procedure section 473 relief to a party who fell short of such compliance.

BACKGROUND

Appellants herein are citizens seeking to challenge the environmental review conducted by the City and County of San Francisco (City) of a project which calls for the rezoning of the former site of Polytechnic High School for the purpose of demolishing the structures thereon and constructing a multi-unit low and middle income housing project in their place. Specifically, appellants contend that City's board of supervisors and planning commission (respondents herein) violated CEQA by approving the project without the preparation of an environmental impact report (EIR),

---

[1] Section 21167.4 provides as follows: "In a writ of mandate proceeding alleging noncompliance with this division, the petitioner *shall request a hearing within 90 days of filing the petition* or otherwise be subject to dismissal on the court's own motion or on the motion of any party interested therein." (Italics added.)

and instead filing a negative declaration. Real party in interest Bridge Housing Corporation is the projected developer of the housing project.

In December 1985 City requested that the planning department undertake a review of the project pursuant to CEQA. On June 27, 1986, the department determined that the project could not have a significant effect on the environment and issued a notice of determination that a preliminary negative declaration would be issued. Interested parties appealed this determination to the planning commission which, after a public hearing, upheld the decision of the planning department and approved the issuance of a negative declaration. On July 22, the planning commission approved the rezoning and referred the matter for hearing before the planning, housing and development committee of the board of supervisors (the Board). After an evidentiary hearing, the committee recommended the Board adopt the negative declaration for the project. The Board followed the recommendation and a negative declaration was filed with the county clerk on October 7, 1986. On November 4, 1986, appellants commenced the instant action seeking a writ of mandate and injunctive relief, alleging that the project could have a substantial adverse impact on the environment, including an increase in traffic congestion, parking problems and the release of potentially hazardous materials such as asbestos during demolition. The gist of the mandate petition is that, by approving the project without an EIR, City's agencies abused their discretion and acted contrary to law. On January 27, 1987, 84 days after the filing of the petition, appellants filed a pleading entitled "Request For Hearing." The full text of the request is as follows: "TO: THE SUPERIOR COURT AND TO EACH PARTY HEREIN: PLEASE TAKE NOTICE that the above-named petitioners hereby request a hearing in this matter, pursuant to Public Resources Code § 21167.4."

On February 17, 1987, this division filed its decision in *San Franciscans For Reasonable Growth* v. *City and County of San Francisco, supra,* 189 Cal.App.3d 498 (hereinafter *SFRG*) in which we held that a failure to request a hearing within the time specified by section 21167.4 subjected the defaulting petitioner to mandatory dismissal.

On March 24, the City, joined by real party in interest, moved to dismiss the petition for noncompliance with section 21167.4. The trial court granted the motion and ordered the petition dismissed.

Eight days later, appellants filed a motion asking the court to reconsider and set aside its prior order, or in the alternative, to grant them relief from

the dismissal under Code of Civil Procedure section 473. After a hearing, the trial court reconsidered its prior order, but declined to set it aside or to grant appellants relief therefrom.

Subsequently, the court granted a motion for judgment on the pleadings on the entire complaint in favor of the City and real parties based upon its earlier dismissal of the mandate petition. Appellants filed a timely appeal.

APPEAL

I

*Compliance With Section 21167.4*

In *SFRG,* we held that a petitioner seeking to make a CEQA claim must request a hearing within the 90 days prescribed by section 21167.4, or suffer the penalty of mandatory dismissal upon motion of the opposing party. The *SFRG* petitioners, however, made no attempt to request a hearing. In this case petitioners filed a document purporting to request a hearing within the statutory period, but the document did not contain a notice which would have scheduled the matter for hearing on a date certain. The trial court ruled that since the request had "no effect of getting [the petition] on any kind of a calendar or even bringing it to the court's attention," section 21167.4 and *SFRG* mandated dismissal of the petition.

Appellants contend that *SFRG* was wrongly decided, i.e., that in holding section 21167.4 dismissal to be mandatory rather than discretionary, we misinterpreted the true intent of the Legislature. Furthermore, they claim that even if *SFRG* was correctly decided, their situation is different because, by filing and serving a "request for hearing," they did "exactly what the statute describes."

We decline to reverse our decision in *SFRG.* Appellants' arguments need no refutation, as the reasons for our ruling were adequately spelled out in that opinion. (*SFRG, supra,* 189 Cal.App.3d at pp. 503-504.) We believe that our interpretation of the dismissal language of section 21167.4 is more consistent with the Legislature's purpose of avoidance of delay and prompt resolution of CEQA claims, than the contrary view appellants espouse.

We therefore come to the issue of what constitutes a "request for hearing" as prescribed by section 21167.4, and whether the pleading filed by

appellants met that test. We are aware of no appellate case which directly addresses that question and none have been brought to our attention.

Appellants correctly point out that section 21167.4 speaks only of a "request for hearing." It does not define what is meant by such a request, nor does it state that the request must contain notice of hearing for a date certain. Nevertheless, it would elevate form over substance to accept appellants' argument that a mere declaratory statement that a hearing is requested is sufficient to comply with the statute.

As we noted in *SFRG,* the legislative background indicates that the policy behind section 21167.4 is to ensure that the mandate proceeding is conducted expeditiously. (*SFRG, supra,* at p. 503.) To this end, the Legislature has put the burden on the petitioner to go forward with his CEQA challenge by requesting a hearing within a reasonable time. (*Id.,* at p. 504.) Although the hearing itself need not be held within 90 days (*Mitchell* v. *County of Orange* (1985) 165 Cal.App.3d 1185, 1192 [211 Cal.Rptr. 563]), section 21167.4 appears manifestly designed to place CEQA challengers in the position of either tendering their claim to the court for resolution or losing it altogether.

This purpose could be circumvented entirely if a petitioner could satisfy the statute by titling a document "Request For Hearing" and filing it with the county clerk without any further effort to set the cause for a hearing. Such an idle act does nothing to advance the claim for resolution and therefore cannot be what the Legislature intended in enacting section 21167.4. This is borne out by the agency commentary which accompanied the original bill when it was enacted, which states: " ' "The requirement for filing a *notice* for a hearing within 90 days after filing the lawsuit is designed to avoid delays in the litigation." ' " (CEQA Guidelines as quoted in *SFRG, supra,* 189 Cal.App.3d at p. 503, italics added.)

█ We therefore hold that section 21167.4 requires the petitioner to take affirmative steps sufficient to place the matter on the court's docket for a hearing, either by filing and serving a notice of hearing or utilizing some other method authorized by the local rules of the court in which the matter is pending. A mere advisory pleading stating that the petitioner requests a hearing is inadequate.

Since appellants' "Request For Hearing" did not comply with section 21167.4 as we have construed it, the trial court properly dismissed the action pursuant to that section.

## II

### *Relief Under CCP Section 473*

Promptly after suffering the dismissal, appellants sought judicial relief by moving for relief based, inter alia, upon mistake, inadvertence, surprise, and/or excusable neglect within the meaning of Code of Civil Procedure section 473 (hereinafter section 473). The trial court denied such relief, paving the way for a judgment on the entire complaint in favor of respondents. Appellants appeal from this order.

■ Was relief under section 473 permitted in, this situation? We conclude that it was. Section 473 expressly authorizes the court to relieve a party from a "judgment, order or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect." Modern judicial decisions favor liberal construction of the remedial provisions of section 473 unless absolutely forbidden by statute. (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 33 [211 Cal.Rptr. 563].) Hence, unless circumscribed by an express provision to the contrary, the court has the power to grant relief under the broad provisions of that section. (*Lane* v. *Pacific Greyhound Lines* (1947) 30 Cal.2d 914, 917 [187 P.2d 9].) No language limiting relief from dismissal under section 21167.4 appears either in the statute itself or in any other provision of CEQA. This stands in contrast to dismissal statutes such as Code of Civil Procedure sections 583.250 and 583.360, both of which contain provisions stating their requirements are "not subject to extension, excuse or exception . . . ," or, for example, former Code of Civil Procedure section 2033, which restricted section 473 relief to a shorter time period than that normally provided. Because of the lack of any such restrictive language in the Public Resources Code, there is no basis for inferring that the Legislature intended to shield section 21167.4 dismissals from the amelioratory provisions of section 473. (See *Simpson* v. *Williams* (1987) 192 Cal.App.3d 285, 290-291 [238 Cal.Rptr. 566].)

■ The next question is whether the trial court erred in refusing to grant section 473 relief under the facts herein. ■ Our standard of review is well articulated by the California Supreme Court in *Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 233 [211 Cal.Rptr. 416, 695 P.2d 713]: "A motion seeking such relief lies within the sound discretion of the trial court, and the trial court's decision will not be overturned absent an abuse of discretion. [Citations.] However, the trial court's discretion is not unlimited and must be ' "exercised in conformity with the spirit of the law and in a

manner to subserve and not to impede or defeat the ends of substantial justice." ' [Citations.] [¶] Section 473 is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted. [Citations.] In such situations 'very slight evidence will be required to justify a court in setting aside the default.' [Citations.] [¶] Moreover, because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [Citations]. Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits. [Citations.]"

■ In the instant case, relief was predicated upon mistake of law by counsel for appellants. ■ "It is well settled that relief may be granted for mistake of law by a party's attorney. [Citation.] An honest mistake of law is a valid ground for relief where a problem is complex and debatable." (*Brochtrup* v. *INTEP* (1987) 190 Cal.App.3d 323, 329 [235 Cal.Rptr. 390]; see also *City of Ontario* v. *Superior Court* (1970) 2 Cal.3d 335, 345 [85 Cal.Rptr. 149, 466 P.2d 693].) The controlling factors in determining whether an attorney's mistake was excusable are (1) the reasonableness of the misconception and (2) the justifiability of the failure to determine the correct law. (*City of Ontario* v. *Superior Court, supra,* at p. 346; *Community Redevelopment Agency* v. *Superior Court* (1967) 248 Cal.App.2d 164, 174 [56 Cal.Rptr. 201]; *Fidelity Fed. Sav. & Loan Assn.* v. *Long* (1959) 175 Cal.App.2d 149, 154 [345 P.2d 568].)

■ At the time the 90-day period prescribed by section 21167.4 expired, the law was unsettled in at least two significant respects. First, our opinion in *SFRG* had not been filed. Therefore, practicing attorneys were not yet aware that the failure to timely request a hearing would result in outright mandatory dismissal of the action. Second, no statutory or case law had yet given definition to the meaning of the phrase "request a hearing." As stated in counsel's declaration, at the time there were no treatises, form books or published guidelines for hearing requests pursuant to section 21167.4 and no legal authority stating that such request must be in the form of notice for hearing on a date certain. Accordingly, appellant's attorney conferred with other counsel possessing CEQA expertise and was provided forms for requesting a hearing similar to the one filed in this case; moreover, he was told that the use of such forms was both "routine" and "commonly acquiesced in by the City Attorney's office."

To complicate matters, local court rules created some ambiguity as to whether counsel could arbitrarily notice a hearing and select a fixed date for

hearing in this case. At the time the request for hearing was filed, San Francisco Superior Court Law And Motion Rule 16(d) provided that when noticing a hearing on an "extensive and complicated motion" the parties were to stipulate to a briefing schedule so as to allow the court "adequate time to review the papers in advance of the hearing" and that when such schedule has been utilized, to "advise the Clerk of the Law and Motion Department by letter as soon as briefing has been completed." (S.F. Super. Ct. Rules, Manual For the Conduct of Proceedings Relating to Law and Motion Matters (1986) p. 10.) In fact this is what actually occurred—subsequent to counsel's request for hearing, the parties filed a written stipulation agreeing to a briefing schedule pursuant to rule 16(d).[2]

In addition, in considering whether attorney error constitutes excusable neglect, the court must consider the attorney's overall diligence in prosecuting the case. (*Bettencourt* v. *Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 278 [228 Cal.Rptr. 190, 721 P.2d 71].) Here counsel was otherwise reasonably diligent in pursuing his claim. He promptly filed a request for preparation of the record (Pub. Resources Code, § 21167.6), consulted with opposing counsel as required by Public Resources Code section 21167.8 and filed a presettlement and joint settlement statement pursuant thereto. Counsel also contacted the city attorney in order to set the matter for hearing *before* being advised of the City's intention to move for dismissal. Indeed, at the time appellants' section 473 motion was heard, a hearing on the petition for writ of mandate was already on the court's calendar and set to take place some three weeks hence. Other than a generalized claim of prejudice from "undue delays" respondents made no showing that granting section 473 relief and proceeding with a determination on the merits in less than a month's time would have prejudiced them.

In *Brochtrup* v. *INTEP, supra,* 190 Cal.App.3d 323, the court faced a situation much like that presented here. There, defendants' attorney improperly verified responses to requests for admissions on behalf of his clients under the mistaken belief that he could do so since they resided outside the county where his office was located. (*Id.,* at p. 330.) Plaintiff obtained sum-

---

[2] Local rules regarding the setting of law and motion matters vary considerably from county to county. In some, the moving party is not free to select dates without reserving them in advance with the clerk. (E.g., Santa Clara County Super. Ct. rule 12(b); Sonoma County Super. Ct. rule 100(A); Alameda County Super. Ct. rules 1003(a) and 1004.) In others, the date selected is subject to later confirmation by the clerk. (San Mateo County Super. Ct. rule 321(d); San Joaquin Super. Ct. rule 3-100(a).) Still others authorize the clerk unilaterally to vacate or continue the date where the papers are not received soon enough after the date is reserved (Marin County Super. Ct. rule 2.6(c)), or the court determines that argument on the matter will be unduly lengthy (Orange County Super. Ct. rule 710(H)).

mary judgment based the effect of the deemed admissions and defendants' motion for relief under section 473 was denied. The Court of Appeal reversed, stating in language pertinent here: "From its literal reading, section 2033 merely requires a verification in the form of a 'sworn statement.' The section does not specify the form of verification to be employed. This lack of specificity unquestionably may have caused some doubt about the state of the law. . . . [¶'s] . . . Thus, we can safely say that at the time defendants' motion for relief was heard and decided, the law on who may verify responses under section 2033 was unsettled. It is therefore apparent that defendants' attorney made an honest mistake of law, justifying relief under section 473. [Citation.] Moreover, plaintiff in this matter has not suffered any prejudice. We therefore conclude that the trial court's failure to grant the motion for relief was an abuse of discretion." (*Brochtrup, supra,* at pp. 330, 332.)

As in *Brochtrup,* the statute at bar is ambiguous as to the form of pleading required, and a literal (albeit superficial) reading of the statute would seem to justify the type of document which counsel used in this case. ■ While mere ignorance of the law coupled with a negligent failure to look it up does not constitute excusable neglect (*Community Redevelopment Agency* v. *Superior Court, supra,* 248 Cal.App.2d 164, 174), where the law is not yet established attorneys cannot be expected to be omniscient. (See *City of Ontario* v. *Superior Court, supra,* 2 Cal.3d at p. 346.) Reasonable errors in construing a statute should not result in the harsh sanction of depriving a party of his or her day in court. (*Simpson* v. *Williams, supra,* 192 Cal.App.3d 285, 291.) ■ In view of (1) the lack of clear guidance in the law, (2) the good faith though faulty attempt to comply with the statute, (3) counsel's overall diligence in prosecuting the case and promptly moving for relief, and (4) the absence of a clear showing of prejudice, we conclude that the strong policy in favor of trials on their merits must prevail. (See *Bettencourt* v. *Los Rios Community College Dist., supra,* 42 Cal.3d 270, 276-281.) Moreover, we cannot overlook the fact that the proceeding below involves not merely a dispute between private litigants. CEQA proceedings concern the whole community and involve the health, welfare and safety of the public at large. (See *Emmington* v. *Solano County Redevelopment Agency* (1987) 195 Cal.App.3d 491, 503 [237 Cal.Rptr. 636]; *Concerned Citizens of Costa Mesa, Inc.* v. *32nd Dist. Agricultural Assn.* (1986) 42 Cal.3d 929, 936 [231 Cal.Rptr. 748, 727 P.2d 1029].) The forfeiture of a hearing on the merits deprives not only the petitioners, but all citizens, of judicial resolution of the controversy concerning the project and its effects on those who live and work in the community.

The trial court erred by failing to accord appellants relief from the dismissal under section 473. Because the judgment was based upon the dismissal order, it too cannot stand. In light of our determination, it is unnecessary to reach the remaining points raised on appeal.

## DISPOSITION

The judgment and order denying appellants' section 473 motion are reversed. The cause is remanded to the trial court for further proceedings on the merits of the petition and complaint.

Kline, P. J., and Benson, J., concurred.

A petition for a rehearing was denied March 1, 1988, and the opinion was modified to read as printed above. The petition of real party in interest for review by the Supreme Court was denied April 20, 1988.