[No. AO24961. First Dist., Div. Three. Feb. 8, 1984.]

DOLIN ROOFING AND INSULATION COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
FIRST CHARTER PROPERTIES, INC., Real Party in Interest.

COUNSEL

James C. Hyde and Popelka, Allard, McCowan & Jones for Petitioner.

No appearance for Respondent.

William N. Woodson III and Finch, Sauers, Player & Montgomery for Real Party in Interest.

## OPINION

**SCOTT, J.**—This petition, by the defendant in a civil action, challenges a trial court order relieving plaintiff from default for failure to make a timely response to requests for admissions. It raises the question of whether, in moving for relief from default, the moving party must submit its proposed response to the requests for admissions. We conclude that the moving party must. However, because the question is one of first impression, we sustain the trial court ruling which permitted real party an extra 10 days to respond.

Petitioner is the defendant in an action brought to recover damages for negligent performance of a roofing job. On July 25, 1983, petitioner served on plaintiff three discovery requests, entitled: (1) request for production of documents, (2) interrogatories, set No. 2, and (3) requests for admissions of facts and interrogatories, set No. 1. The parties agreed to an extension of time to September 8, 1983, to respond.

On September 1, 1983, plaintiff sent answers to interrogatories and a response to the request for documents. The letter of transmittal explained that plaintiff had not responded to the requests for admissions "which are essentially repetitive of the Request for Production of Documents and Interrogatories" and suggested that "additional time and effort to individually respond to the Request[s] for Admissions and Interrogatories does not seem productive at this time especially in light of the attorneys fees provision contained in the contract for the roof installation." The letter asked petitioner to "[p]lease carefully consider whether you want these Requests for Admissions and Interrogatories individually responded to. [¶] Please let me know if you would like these answered."

On September 13, 1983, petitioner responded with a letter advising plaintiff that the truth of the matters for which admissions were requested had been "deemed admitted."

On September 30, 1983, plaintiff noticed a motion for relief from default. The moving papers did not include proposed responses to the requests for admissions. A declaration by plaintiff's counsel described the above-recited sequence of events. Plaintiff argued that failure to respond was "due to mistake, inadvertence, surprise or excusable neglect." Petitioner opposed the motion for relief from default, noting that counsel had not yet received responses to the requests for admissions which had been served three months earlier and arguing that no showing had been made of mistake, inadvertence, surprise or excusable neglect.

After hearing, the court granted relief from default and ordered plaintiff to answer the requests for admissions within 10 days. According to plaintiff, it did so. This petition followed, seeking to vacate the court's order relieving plaintiff from default.

Code of Civil Procedure section 2033, subdivision (a),[1] provides in pertinent part: "Upon failure of a party served with requests for admissions pursuant to this section either to answer or to file objections within the period as designated in the request or as extended by the court, the party making the request may serve upon the other party a notice in writing by certified or registered mail, return receipt requested, notifying the party so served that the genuineness of the documents or the truth of the facts has been deemed admitted. Once the notice is served, the party upon whom the notice is served shall not have the right to apply for relief under the provisions of Section 473 unless a motion requesting relief is served and filed within 30 days after service of the notice." Section 473 provides in pertinent part: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken . . . ."

Petitioner contends that by referring to section 473, section 2033 imposes a requirement that when a party seeks relief from default, the motion must be accompanied by proposed responses to the requests for admissions. Real party in interest (plaintiff below) notes that section 473 requires that the application be accompanied by a copy of "the answer or other pleading proposed to be filed" and argues that that terminology does not cover a response to a request for admissions. No pertinent case authority is cited by either party, and the question seems to be one of first impression.

The above-quoted portion of section 2033, subdivision (a), was added in 1978. (Stats. 1978, ch. 265, § 1, p. 550.) Prior versions of the section made no provision for relieving a party from default. (See Stats. 1957, ch. 1904, § 3, p. 3334; Stats. 1959, ch. 1590, § 11, p. 3930; Stats. 1967, ch. 610, § 1, p. 1959; Stats. 1968, ch. 188, § 2, p. 476; Stats. 1974, ch. 732, § 2, p. 1620.) However, the courts had concluded that sections 2033 and 2034, in combination, empowered the trial court to relieve a party from default

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

and that the power was independent of that conferred by section 473. (See *Zorro Inv. Co.* v. *Great Pacific Securities Corp.* (1977) 69 Cal.App.3d 907, 917 [138 Cal.Rptr. 410]; *Kaiser Steel Corp.* v. *Westinghouse Elec. Corp.* (1976) 55 Cal.App.3d 737, 744-745 [127 Cal.Rptr. 838].) Thus, a party could be relieved from default even if the application was filed after expiration of the six-month time limit imposed by section 473. (*Kaiser Steel Corp.*, *supra*, 55 Cal.App.3d 737, 744-745.)

The 1978 amendments to section 2033 (Stats. 1978, ch. 12, § 3, p. 70, urgency, eff. Feb. 18, 1978; amended Stats. 1978, ch. 265, § 1, p. 549) were designed to and did change the law. As explained in *Billings* v. *Edwards* (1981) 120 Cal.App.3d 238, 244 [174 Cal.Rptr. 722], "[t]he section as amended was obviously designed to restrict the trial court's power to relieve from default as interpreted in *Kaiser* and followed in *Zorro* by limiting section 473 relief to a period of 30 days from service of a 'deemed admitted' notice."

■ In light of the history of section 2033, subdivision (a), it is clear that relief from default, if it occurs, must take place under the authority of section 473 (with a 30-day time limit instead of the 6-month limit).[2] The question here is how much of the section 473 procedure has been imported into section 2033. More specifically, has the requirement that the party seeking relief submit a copy of the proposed "answer or other pleading proposed to be filed" been incorporated into the relief from default procedure for requests for admissions?

As mentioned above, real party contends that the words "answer or other pleading" do not cover a response to requests for admissions. This argument has some surface appeal; the wording of section 473 is not designed to cover a motion for relief from default in failing to answer requests for admissions. However, it is not unusual for the Legislature to link one statute to another without assuring itself that the language in both is completely compatible. The Legislature's intent should be discerned from examination of section 2033, not examination of the linked section the Legislature neglected to reword.

■ The 1978 amendments to section 2033, subdivision (a), added the provision that once the notice was served upon the defaulting party that party would "not have the right to apply for relief under the provisions of Section 473 unless a motion requesting relief [was] served and filed within

---

[2]Or under the court's equity powers in the event of extrinsic fraud or mistake. (See *Billings* v. *Edwards*, *supra*, 120 Cal.App.3d 238, 245.)

30 days after service of the notice." Thus, when a timely motion for relief is filed, relief is "under the provisions of Section 473." But what provisions of section 473? Absent some legislative limitation, we conclude that the answer is *ALL* the provisions of section 473.

The pertinent portion of section 473 establishes the conditions for relief from default—"mistake, inadvertence, surprise or excusable neglect"—and the procedure for seeking relief—"[a]pplication for such relief must be accompanied by a copy of the answer or other pleading proposed . . . and must be made within a reasonable time, in no case exceeding six months . . . ." Section 2033 altered the procedure by requiring the application be filed within 30 days. It said nothing about the requirement that the party seeking relief submit a copy of the answer or other pleading proposed. We read the silence on that point as an adoption of the requirement. For purposes of section 2033, "answer or other pleading proposed" in section 473 must be read to include a response to requests for admissions.

As we said above, this issue is one of first impression. Thus, real party, who could reasonably have failed to anticipate this reading of sections 473 and 2033, should not be penalized for failing to submit responses to the requests for admissions along with its motion for relief from default. In light of the uncertainty in the law, the trial court order that the answers be filed within 10 days imposed a reasonable alternative to the requirement real party failed to meet. Since, as we will explain, we find no abuse of discretion in the implied finding of mistake, inadvertence or excusable neglect, we deny the petition for a peremptory writ.

Petitioner contends that because real party consciously decided not to respond to the requests for admissions before the deadline, there was no showing of mistake, inadvertence, surprise or excusable neglect. Real party characterizes the situation differently, noting that its letter of September 1, 1983, was an inquiry concerning the need to respond and an implied request for an extension of time. Real party argues that the trial court properly found petitioner's conduct unreasonable and that any neglect by real party was excusable.

A motion for relief from default is addressed to the sound discretion of the trial court. In the absence of a clear showing of abuse the trial court ruling will not be disturbed by an appellate court. (See *Carroll* v. *Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 897-898 [187 Cal.Rptr. 592, 654 P.2d 775].) With the benefit of hindsight, we might fault real party's counsel for expecting an answer to his inquiry concerning the adequacy of the discovery already provided. But we cannot say that the trial court abused

its discretion in finding that counsel's mistake or neglect was excusable. Petitioner had agreed to an earlier extension of time. Real party sent its inquiry several days before the response deadline. Real party could reasonably have expected that before insisting on the deadline and filing a notice that the matters would be deemed admitted, petitioner would at least respond by telephone to the September 1, 1983, inquiry.

The alternative writ is discharged and the petition for a peremptory writ is denied.

White, P. J., and Feinberg, J., concurred.