[No. B018158. Second Dist., Div. Five. Mar. 17, 1987.]

ROBERT BROCHTRUP, Plaintiff and Respondent, v.
INTEP et al., Defendants and Appellants.

324

COUNSEL

Cheong & Denove and Mary M. Bennett for Defendants and Appellants.

Robert D. Coviello for Plaintiff and Respondent.

OPINION

**THOMPSON, J.**—Defendants appeal from a summary judgment that was primarily based upon matters deemed admitted arising from an improper response to plaintiff's request for admissions. Defendants claim that the trial court abused its discretion in denying their motion for relief from default in responding to the request for admissions.[1] For the reasons that follow, we shall reverse with directions.

### STATEMENT OF FACTS

On October 2, 1981, plaintiff filed a verified complaint against defendants for an accounting, breach of fiduciary duty, constructive trust, breach of contract, quantum meruit, money had and received, and fraud and deceit. On November 6, 1981, the defendants filed a verified answer to the complaint.

On February 3, 1984, plaintiff filed his first motion for summary judgment based on defendants' failure to respond to plaintiff's first set of requests for admissions. This motion was successfully opposed by defendants' attorney on the grounds that the warning required by Code of Civil Procedure[2] section 2033 had not been appropriately placed with the request for admissions.

On September 5, 1984, plaintiff propounded a second set of requests for admissions to defendants. On October 9, 1984, defendants served plaintiff's attorney with their responses to the second set of requests for admissions. In submitting defendants' responses, defendants' attorney mistakenly believed that he could verify the responses for defendants, Bill Vera and Raul Gomez, who were out of the county where defendants' attorney has his office. Defendants' attorney also mistakenly believed that defendant, Michael Ramirez, could verify the responses of the other defendants, since

---

[1]An order denying a motion to vacate a default may be reviewed on appeal from a judgment. (*Winter* v. *Rice* (1986) 176 Cal.App.3d 679, 682 [222 Cal.Rptr. 340].) Although other issues were raised on appeal, because the denial of relief by the trial court was erroneous, we need not address those issues.

[2]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

Ramirez had been given a power of attorney by the remaining defendants to sign court documents.

After being notified by plaintiff's attorney on October 24, 1984, that the verifications were improper and that the requests for admissions were thereby deemed admitted, defendants' attorney on November 27, 1984, filed a motion for relief from default under section 473. Attached to the motion for relief were the previously submitted responses to the second set of request for admissions.

On January 15, 1985, the trial court denied the motion for relief without prejudice, on the ground that no excusable neglect was shown by defendants. Thereafter, on May 17, 1985, plaintiff filed a motion for summary judgment.

After finally being notified by their attorney in May 1985, that no further representation would be taken, defendants substituted present attorneys on June 28, 1985. Immediately thereafter, on July 12, 1985, defendants' new attorneys filed a motion for reconsideration. In support of their motion for reconsideration, the defendants alleged that, in the period following the court's denial of their motion for relief on January 15, 1985, their attorney misled them as to his representation of the cases, specifically with respect to the need to file responses to request for admissions, the nature and effect of a default to request for admissions, and the appropriate procedures for overturning a denial of a motion for relief. Attached to the motion and supplemental declarations were properly verified responses of all defendants to the second set of request for admissions.

On August 5, 1985, the trial court denied defendants' motion for reconsideration and granted plaintiff's motion for summary judgment. This appeal followed.

### DISCUSSION

A summary judgment is proper only if there is no triable issue of fact and, as a matter of law, the moving party is entitled to judgment. (§ 437c.) ■ In reviewing a summary judgment, the appellate court is limited to the facts shown in the affidavits and those admitted and uncontested in the pleadings. Its function is to determine only whether the facts as shown give rise to a triable issue of fact. Moreover, the moving party's papers are strictly construed while those of the opposing party are liberally construed. *(Gray v. Reeves* (1977) 76 Cal.App.3d 567, 573 [142 Cal.Rptr. 716].) Any doubts as to the propriety of granting the motion are resolved in favor of the party opposing the motion.

In 1973, amendments were made to section 437c to liberalize the use of the summary judgment procedure, specifically recognizing the use of discovery matters by the trial court in determining whether to grant or deny summary judgment. In the instant case, the trial court's determination that there was no triable issue of fact was based primarily on matters deemed admitted against defendants because of their failure to properly respond to the second set of requests for admissions of plaintiff. Without the deemed admitted matters, plaintiff would not have been entitled to summary judgment.

Section 2033, regarding requests for admissions, provides the mechanism whereby one party to a lawsuit may request that another party admit the genuineness of specified documents or the truth of certain facts. (*Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 232 [211 Cal.Rptr. 416, 695 P.2d 713].) Section 2033 provides, in pertinent part: "Each of the matters of which an admission is requested shall be deemed admitted . . . unless, within the period designated in the request, not less than 30 days after service thereof . . . the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested . . . or (2) written objections . . . . [¶] The party responding to the request for admissions shall serve the original responses made under oath upon the party serving the request for admissions."

Where the party served with a request for admissions fails to respond within 30 days, the propounding party may serve the nonresponsive party with notice that the genuineness of the documents or the truth of the facts alleged is deemed admitted. The nonresponsive party then has 30 days to move for relief from default under section 473.[3]

Section 473 provides that the trial court may "relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect." ▮ A motion seeking relief lies within the sound discretion of the trial court and will not be disturbed except for a trial court's abuse of discretion. (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 854 [48 Cal.Rptr. 620, 409 P.2d 700].) This discretion is not capricious or arbitrary

---

[3]Section 2033 provides in pertinent part: "Upon failure of a party served with requests for admissions . . . the party making the request may serve upon the other party a notice in writing by certified or registered mail, return receipt requested, notifying the party so served that the genuineness of the documents or the truth of the facts has been deemed admitted. Once the notice is served, the party upon whom the notice is served shall not have the right to apply for relief under the provisions of Section 473 unless a motion requesting relief is served and filed within 30 days after service of the notice."

but must be impartial and controlled by fixed legal principles. (*A & S Air Conditioning* v. *John J. Moore Co.* (1960) 184 Cal.App.2d 617, 619 [7 Cal.Rptr. 592].) It must be " ' "exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." ' " (*Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 233 [184 Cal.Rptr. 617, 7 Cal.Rptr. 592], quoting *Bailey* v. *Taaffe* (1866) 29 Cal. 422, 424 .) Reasonableness in view of all the circumstances is well established as the test of whether discretion has been abused. (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597 [153 Cal.Rptr. 423, 591 P.2d 911]; *A & S Air Conditioning* v. *John J. Moore Co., supra,* 184 Cal.App.2d at p. 619.)

Section 473 is liberally construed because the law strongly favors trial and disposition on the merits. (See 8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 180, p. 582.) This is particularly true where relief is sought from a failure to respond to requests for admissions. (*Carli* v. *Superior Court* (1984) 152 Cal.App.3d 1095, 1099 [199 Cal.Rptr. 583].) Moreover, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default. (*Elston* v. *City of Turlock, supra,* 38 Cal.3d at p. 233; *Waite* v. *Southern Pacific Co.* (1923) 192 Cal. 467, 470-471 [221 P. 204].) Additionally, where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted, the policy of permitting trial on the merits must prevail. (*Berri* v. *Rogero* (1914) 168 Cal. 736 [145 P. 95].) In such situations, "very slight evidence will be required to justify a court in setting aside the default." (*Id.,* at p. 740.)

In the case at bench, defendants' attorney timely sought relief under section 473, on the grounds that his mistaken belief regarding the verifications to the responses for the requests for admissions was excusable neglect. The trial court denied relief, stating that there was "no excusable neglect."

It is well settled that relief may be granted for mistake of law by a party's attorney. (See 8 Witkin, *supra,* § 150, p. 551.) An honest mistake of law is a valid ground for relief where a problem is complex and debatable. (*A & S Air Conditioning* v. *John J. Moore Co., supra,* 184 Cal.App.2d at p. 620.) The issue of which mistake of law constitutes excusable neglect presents a question of fact. The determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law. (*Fidelity Fed. Sav. & Loan Assn.* v. *Long* (1959) 175 Cal.App.2d 149, 154 [345 P.2d 548].)

Defendants' attorney's mistake is excusable if an attorney, given the state of the law on the issue at the time, reasonably could have concluded sections 2033 and 446, allowing for attorney verification of pleadings in

certain instances, permitted responses to a request for admissions to be verified by persons other than the party to whom the request is directed. Under section 446, the verification may be by the party's attorney or any other person when (1) the parties are absent from the county where the attorney has his office; (2) the parties are from some cause unable to verify; or (3) the facts are within the knowledge of the attorney or other person. (§ 446; see 4 Witkin, Cal. Procedure, *supra,* Pleading, § 413, p. 459; also see *Bittleston Law etc. Agency* v. *Howard* (1916) 172 Cal. 357, 359 [156 P. 515].) ▉ Where there are several parties, verification by one is sufficient. (*Claiborne* v. *Castle* (1893) 98 Cal. 30, 33 [32 P. 807].)

▉ In the instant case, defendants' attorney verified responses on behalf of two defendants who were unable to sign since they were out of the county where defendants' attorney has his office. The other responses were verified by a party defendant who was given the power of attorney to sign court documents on behalf of the other defendants.

Prior to 1986, there was no case authority specifically holding that section 2033 required responses to request for admissions be verified by the party to whom the request was directed.[4] In fact, *Chodos* v. *Superior Court* (1963) 215 Cal.App.2d 318 [30 Cal.Rptr. 303], the only case prior to 1986 to specifically deal with the verification issue, supports the view that an attorney verification may suffice. There, the court stated that "[w]hile section 2033 requires either an admission or a 'sworn statement denying specifically the matters of which an admission is requested,' this is no different from the requirement that allegations in a sworn pleading must be answered under oath. The section permits the party to 'deny only a part or a qualification of a matter of which an admission is requested.' He can answer stating that he has been 'informed and believes' either the truth or falsity of the request and *may verify his response in the traditional form of verification of such allegations.*" (*Id.,* at p. 322; italics added.) Although the court in *Steele* v. *Totah, supra,* found *Chodos* did not support the proposition that section 446 applies to requests for admissions, prior to *Steele,* an attorney reasonably could have interpreted *Chodos* to support such a proposition.

From its literal reading, section 2033 merely requires a verification in the form of a "sworn statement." The section does not specify the form of verification to be employed. This lack of specificity unquestionably may have caused some doubt about the state of the law. For example, one of the major authoritative reference works which attorneys routinely consult indicated in 1985, when the motion for relief was heard and decided, that section 2033

---

[4]It was not until 1986, in *Steele* v. *Totah* (1986) 180 Cal.App.3d 545 [225 Cal.Rptr. 635], that a court held section 446 does not apply to section 2033 and based on section 2033's plain language compels the conclusion that the party, not the attorney, must verify responses.

allowed attorney verifications. (14 Grossman & Van Alstyne, Cal. Practice (1972) Requests for Admissions, § 826, pp. 328-329.) There, the authors stated: "Section 2033 does not specify who is to verify the response. It is arguable that an attorney verification should suffice, since the statute does not preclude this and presumably the response still would be binding on the party. [Fn. omitted.]" (*Ibid.*; also see 3 DeMeo & DeMeo, Cal. Deposition and Discovery Practice (1986) Admission of Facts, ¶ 12.01(38), p. 12.01-80.)

Additionally, in considering rule 36 of the Federal Rules of Civil Procedure (28 U.S.C.), on which section 2033 is based, federal courts have allowed verifications by persons other than the party to whom the request was directed. (See *United States* v. *Taylor* (W.D.La. 1951) 100 F.Supp. 1016; *Van Horne* v. *Hines* (D.D.C. 1940) 31 F.Supp. 346.) Moreover, as amended in 1970, rule 36 no longer requires a sworn response. The response need merely be signed by the responding party or his attorney. (Fed. Rules Civ.Proc., rule 36(a), 28 U.S.C.).[5]

While the above authorities establish that other methods of verification may be permissible, other authorities have been silent on who is required to verify responses to request for admissions. (See, e.g., 2 Hogan, Modern Cal. Discovery (3d ed. 1981) Discovery in Civil Cases, § 9.08—9.12, pp. 146-162; 2 Witkin, Cal. Evidence (3d ed. 1986) Discovery and Production of Evidence, Request for Admissions, § 1553, pp. 1505-1506; Law Departments Policy Manual of the Los Angeles Superior Court (1985) rule 345, pp. 44-45.)

Even the authorities cited by plaintiff, in opposition to defendants' motion for relief, did not affirmatively establish that propounded parties are the only persons who can verify responses to request for admissions. To the contrary, the authorities cited do not even address the issue of who is required to verify responses.

For example, sections 420 and 422.10 deal specifically with what constitutes pleadings and not with verification requirements. Additionally, there is no section 466 in California Code of Civil Procedure, as cited by plaintiff.[6]

■ In the only case cited by plaintiff, *Kaiser Steel Corp.* v. *Westinghouse Elec. Corp.* (1976) 55 Cal.App.3d 737 [127 Cal.Rptr. 838], the court there did not address the verification issue. Rather, the court concluded that sections 2033 and 2034 empower the trial court to relieve a party served with

---

[5]Additionally, new rule 26(g) of the Federal Rules of Civil Procedure (28 U.S.C.) requires that every discovery response must be signed by the party's attorney.

[6]Assuming plaintiff meant section 446, the applicability of section 446 to section 2033, as previously noted, was uncertain prior to 1986.

a request for admissions from the consequences of a defective response. (*Id.*, at p. 744.) This power stems from the sections themselves and is not dependent upon the general authority of a trial court to relieve a person from default pursuant to section 473. (*Ibid.*)

Finally, plaintiff cited former section 251B of the Discovery Policy Manual of the Los Angeles Superior Court as part of his opposition to the defendants' motion for relief from default in failing to properly respond to the request for admissions. However, that section dealt only with interrogatories and provided in part that "[a]nswers to interrogatories are not within the purview of CCP Section 446 and may not be verified by counsel when the client is out of the county." Moreover, this section has been renumbered 325(b) and is presently contained in the Law Departments Policy Manual of the Los Angeles Superior Court, *supra,* at page 36.

The requirements dealing with requests for admissions were formerly in section 270 of the Discovery Policy Manual of the Los Angeles Superior Court, and are now contained in section 345, pages 44-46, of the Law Departments Policy Manual of the Los Angeles Superior Court. Neither section, however, makes any mention of any specific form of verification to be employed. Rather, the section merely requires a "sworn statement."

■ Thus, we can safely say that at the time defendants' motion for relief was heard and decided, the law on who may verify responses under section 2033 was unsettled. It is therefore apparent that defendants' attorney made an honest mistake of law, justifying relief under section 473. (See *Fidelity Fed. Sav. & Loan Assn.* v. *Long, supra,* 175 Cal.App.2d at p. 154.) Moreover, plaintiff in this matter has not suffered any prejudice. We therefore conclude that the trial court's failure to grant the motion for relief was an abuse of discretion.

■ While a mistake in law may warrant relief from default, there are certain procedural requirements that must be satisfied. After the deemed admitted notice is served, the nonresponsive party has 30 days to make a motion for relief from default under section 473. (§ 2033; *Dolin Roofing & Insulation Co.* v. *Superior Court* (1984) 151 Cal.App.3d 886, 891 [199 Cal.Rptr. 37].) However, the 30-day period may be extended for 5 days, under section 1013a, where service of the deemed admitted notice is by mail. (See 6 Witkin, Cal. Procedure, *supra,* Proceedings Without Trial, §§ 25, 26, pp. 343-344; *Carli* v. *Superior Court, supra,* 152 Cal.App.3d at p. 1098.) Here, plaintiff served the deemed admitted notice by mail on October 24, 1984. Defendants' attorney filed his motion for relief on November 27, 1984, which was within the extended 35-day period. Therefore, the defendants complied with the procedural time limit.

One seeking relief under section 473 must also attach to his moving papers his proposed responses to the request for admissions. The requirement for submission of proposed responses was first established in *Dolin Roofing & Insulation Co.* v. *Superior Court, supra,* 151 Cal.App.3d at page 891. There, the court noted the failure of the Legislature in amending section 2033 to expressly deal with the requirement of section 473 that the party seeking relief submit a copy of the proposed pleading. The court read such silence as an adoption of that requirement in section 2033. (*Ibid.*) However, the court further held that since the issue was of first impression, a party could reasonably have failed to anticipate this construction of the statutes and should not be penalized for failure to submit responses in that case. (*Ibid.*)

In the instant case, defendants' attorney did attach responses to his motion for relief under section 473. These were the responses that plaintiff contended were improperly verified. However, since there was uncertainty in the law regarding who may verify responses to request for admissions, we find that defendants' attorney did adequately comply with the attachment requirement.

Since the section 473 motion for relief was properly before the court and there was a reasonable and justifiable basis for defendants' attorney's mistake in law, we determine that the trial court's denial of the motion for relief was an abuse of its discretion. We therefore conclude that the 473 motion should have been granted and the motion for summary judgment denied.

### DISPOSITION

Accordingly, the summary judgment is reversed. The trial court is directed to vacate its order denying the section 473 motion, to grant such motion, and to file defendants' responses which were attached to the motion for reconsideration and properly verified. Each party is to bear his own costs on appeal.

Lillie, P. J., and Johnson, J., concurred.