Filed 1/19/22  P. v. Medrano CA5
Opinion following rehearing

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MICHAEL CHALILLO MEDRANO, Defendant and Appellant. | F081667 (Super. Ct. No. BF159394A) OPINION |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

Solomon Wollack, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez, Julie A. Hokans and Caely E. Fallini, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

[*]Before Franson, Acting P. J., Peña, J. and Snauffer, J.

In *People v. Rodriguez et al.* (Feb. 25, 2020, F074250) (nonpub. opn.) (*Rodriguez*), this court affirmed a judgment of conviction against Michael Chalillo Medrano (defendant) for his role in a murder. However, based on the postsentencing enactment of Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620), which gave trial courts discretion to strike firearm enhancements, the matter was conditionally remanded for further proceedings. Defendant now alleges error with regard to the trial court's imposition of enhancements under Penal Code section 12022.53 (all further statutory references are to the Penal Code).

In November 2021, this court issued an opinion rejecting defendant's claim of sentencing error. Defendant filed a petition for rehearing seeking to assert a new claim based on a pending amendment to section 654, which has since taken effect as of January 1, 2022. The petition was granted, and supplemental briefing was filed.

Section 654 now gives trial courts discretion in choosing the sentence to be imposed when a defendant is convicted under multiple provisions of the Penal Code for the same act. At the time of defendant's original sentencing and during the proceedings on remand, the statute required punishment under the provision carrying the longest term of imprisonment. We accept the People's concession that the change in law applies retroactively and necessitates further proceedings in this matter. The cause will be remanded to allow the trial court to consider resentencing defendant in light of the amendment to section 654.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted defendant of premeditated murder (§§ 187, 189, subd. (a)) involving the special circumstances of lying in wait and killing someone to further the activities of a criminal street gang (§ 190.2, subd. (a)(15), (22)). The evidence showed defendant used a firearm and shot the victim six times at close range, including twice in the head. The jury made true findings on gun enhancement allegations pleaded pursuant to section 12022.53, subdivisions (d) and (e)(1). Defendant was also convicted of

carrying a loaded firearm as an active gang member (§ 25850, subd. (c)(3)); active participation in a criminal street gang (§ 186.22, subd. (a)); and conspiracy to commit murder (§§ 182, subd. (a)(1), 187).

In August 2016, the trial court imposed a statutorily mandated sentence for the murder count of life in prison without the possibility of parole (LWOP) and 25 years to life for the related firearm enhancement. All punishment imposed for the remaining counts and enhancements was stayed pursuant to section 654.

In January 2018, while an appeal of the judgment was pending, section 12022.53 was amended by the enactment of Senate Bill 620. (Stats. 2017, ch. 682, § 2.) As a result, trial courts may, "in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss [a firearm] enhancement otherwise required to be imposed …." (§ 12022.53, subd. (h).) In *Rodriguez*, this court determined Senate Bill 620 applied retroactively to defendant's case and ordered a conditional remand limited to issues regarding the firearm enhancements. The trial court was instructed to "determine whether any such enhancements should be stricken in accordance with sections 1385, subdivision (b), and 12022.53, subdivision (h)." (*Rodriguez, supra*, F074250.)

On August 14, 2020, the trial court conducted a resentencing hearing. The court acknowledged its receipt and review of an updated probation report, which noted defendant's posttrial disciplinary issues in prison.[1] The court also accepted defense counsel's verbal representation that defendant had received seven certificates for participating in two "positive programs" while incarcerated.

Defense counsel argued for dismissal of the gun enhancements in light of the fact defendant had been sentenced to LWOP. The attorney claimed the enhancements had

---

[1]Defendant was reportedly placed in the Administrative Segregation Unit on two occasions, first "for an incident that occurred on October 28, 2018, involving the commission of battery on an inmate with a weapon," and subsequently because of "an incident regarding an inmate manufactured weapon on April 22, 2020."

"no real value in either deterring or punishing [his] client." Before hearing from the prosecutor, the trial court interjected to "go over some of the law that helps guide me in exercising my discretion."

The trial court began by discussing *People v. S.M.* (2017) 9 Cal.App.5th 210, which it correctly described as being instructive regarding the "standard for appellate review of a decision to dismiss charges or allegations in the furtherance of justice." The trial court quoted extensively from page 218 of the opinion, and it later recited this excerpt from page 220:

> "'In considering whether the furtherance of justice is served by dismissal under Section 1385, no weight should be accorded factors extrinsic to the scheme, such as court congestion or the bare antipathy to the consequences for any given defendant. Instead, preponderant weight must be accorded to factors intrinsic to the scheme, such as the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects.'"

The trial court also cited *People v. Solis* (2015) 232 Cal.App.4th 1108 (*Solis*), which involved, among other issues, the denial of an appellant's "*Romero* motion to dismiss two of his three prior strike convictions." (*Id.* at p. 1124, referencing *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.) While commenting on *Solis*, the trial court said, "That Court discusses, at Page 1124, the *Romero* decision and basically a similar discussion about the factors that the Court should consider in exercising its discretion under *Romero*, under [*People v. Williams* (1998) 17 Cal.4th 148], with those cases as guides. But, essentially, when the Court decides to strike a prior conviction *the Court is looking for a circumstance where no reasonable minds could differ as to the appropriate striking of that prior conviction*." (Italics added.)

Defendant's current appeal focuses on the language italicized above. Because the judge used the word "Court" in reference to both the *Solis* trial court and appellate court, the italicized statement is ambiguous and arguably incorrect. What the *Solis* opinion

4.

actually says is, "When the factors cited in *Williams*, *supra*, 17 Cal.4th 148 'manifestly support the striking of a prior conviction and no reasonable minds could differ[,] the failure to strike would constitute an abuse of discretion.'" (*Solis*, at p. 1124, quoting *People v. Carmony* (2004) 33 Cal.4th 367, 378.)

Next, the trial court cited and partially quoted rule 4.428(b) of the California Rules of Court: "'In determining whether to strike the entire enhancement or only the punishment for the enhancement[,] the court may consider the effect that striking the enhancement would have on the status of the crime as a strike, the accurate reflection of the defendant's criminal conduct on his or her record, the effect it may have on the award of custody credits, and any other relevant consideration.'"

Following additional argument by both parties, the trial court briefly took the matter under submission before imposing a sentence identical to the one pronounced in 2016. In prefacing remarks, the court explained its discretionary choices were based on defendant's criminal history (which reflected "an ongoing pattern of criminality"); the circumstances of the current offenses; "all of the different factors [it had] discussed from the case law"; "and both the rights of the defendant as well as the interests of society." The court continued: "I am trying to consider what would a reasonable Judge do, a hypothetical reasonable Judge. Because that's part of the thought process, is this reasonable. Would reasonable Judges agree that this is the appropriate and just decision."

"[W]ith that all in mind," the trial court found there were "no circumstances in mitigation" and multiple circumstances in aggravation. After further accounting for defendant's "post-sentence conduct," and "making many of the same findings that [it] did at the first sentencing," the judge concluded "it would not be in the interest of justice to strike the firearm enhancement[s]." Defendant filed a timely notice of appeal.

5.

**DISCUSSION**

## I. The Alleged Sentencing Error

Defendant "does not dispute that the trial court understood the various factors which were relevant to its determination." Defendant argues "[t]he problem is that it considered the right factors, but under the wrong legal standard." Focusing on the trial court's remark about the *Solis* opinion, defendant claims the court acted "under the mistaken belief that it could not dismiss the enhancements except 'where no reasonable minds' would disagree with the dismissal."

### A. Standard of Review

"'"A court's discretionary decision to dismiss or to strike a sentencing allegation under section 1385 is" reviewable for abuse of discretion.' [Citation.] 'In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'" [Citation.] Second, a "'decision will not be reversed merely because reasonable people might disagree."'" (*People v. Pearson* (2019) 38 Cal.App.5th 112, 116.)

"'"If the court's decision is influenced by an erroneous understanding of applicable law or reflects an unawareness of the full scope of its discretion, the court has not properly exercised its discretion under the law."'" (*Perez v. Torres-Hernandez* (2016) 1 Cal.App.5th 389, 396; accord, *People v. Downey* (2000) 82 Cal.App.4th 899, 912.) When such mistakes are made, "the matter must be remanded for an informed determination." (*Downey*, at p. 912.) "'The question of whether a trial court applied the correct legal standard to an issue in exercising its discretion is a question of law [citation] requiring de novo review [citation].'" (*Perez*, at p. 397.)

### B.     Law and Analysis

A trial court is presumed to have known and followed the applicable law.  (*People v. Bradford* (2010) 187 Cal.App.4th 1345, 1355; *People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.)  To refute the presumption, an appellant must show "a clear indication to the contrary."  (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944.)  We do not analyze stray remarks in isolation but consider instead "'the judge's discussion as a whole.'"  (*People v. Tessman* (2014) 223 Cal.App.4th 1293, 1303.)  Therefore, the trial court's awkwardly worded paraphrasing of an excerpt from the *Solis* opinion does not alone establish its misunderstanding of the applicable law.

Defendant faults the trial court for "repeatedly fram[ing] the issue in terms of 'reasonableness' or lack thereof," but we perceive no error.  "Reasonableness in view of all the circumstances is well established as the test of whether discretion has been abused."  (*Brochtrup v. Intep* (1987) 190 Cal.App.3d 323, 329.)  Hence the California Supreme Court's oft-quoted statement in *People v. Carmony*, *supra*, 33 Cal.4th at page 377:  "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  It seems this is what the trial court was attempting to convey in its discussion of *Solis*.  As noted, the paraphrased excerpt from *Solis* contains a direct quote from *Carmony*.  (*Solis*, *supra*, 232 Cal.App.4th at p. 1124.)

Defendant argues that "[r]ather than try to divine how a hypothetical reasonable judge might rule [citation], the trial court should have simply exercised its own independent discretion and made what it believed to be an 'appropriate and just disposition' in light of the governing case law."  The record shows the trial court *did* exercise its own independent judgment.  The judge stated, "I am going to be separately exercising my discretion now in a way that I did not when I did not have it on the enhancement under Penal Code Section 12022.53 subdivisions (d) and (e)(1).  And, in

7.

considering all the different factors, I do not find it would be in the interest of justice to strike that firearm enhancement."

During the same hearing, while resentencing defendant's accomplice, the trial court again employed the so-called "reasonable Judge" analysis. The court stated, "I don't find that a reasonable Judge would find that it is in the interest of justice to strike this firearm enhancement. And I exercise *my* discretion, and *my* decision is to not strike it. *I* do not find it would be in the interest of justice." (Italics added.) These statements further indicate the trial court was exercising discretion based on its own assessment of the circumstances and not pursuant to an inapplicable legal standard. Viewing the trial court's statements in their entirety and in full context, we conclude defendant has not demonstrated reversible error.

## II.  Section 654

During the earlier proceedings in this case, section 654 provided, in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (Stats. 1997, ch. 410, § 1.)

Section 654 was recently amended by Assembly Bill No. 518 (2021–2022 Reg. Sess.). Effective January 1, 2022, "An act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a), italics added; Stats. 2021, ch. 441, § 1.)

Defendant claims the amendment to section 654 is retroactive. Since three of his four convictions were stayed pursuant to (former) section 654, he contends the new law makes it possible for him to avoid LWOP. To illustrate his point, defendant notes the trial court could now stay the punishment on the murder conviction and impose the "50-

8.

year-to-life sentence" for conspiracy to commit murder (i.e., consecutive terms of 25 years to life for the offense and 25 years to life for the gun enhancement). The People concede the issue.

"When the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date." (*People v. Brown* (2012) 54 Cal.4th 314, 323, fn. omitted; accord, *In re Estrada* (1965) 63 Cal.2d 740, 745.) Section 654 does not reduce the punishment for a particular crime, but the California Supreme Court has "applied the *Estrada* rule to statutes that merely made a reduced punishment possible." (*People v. Frahs* (2020) 9 Cal.5th 618, 629; see, e.g., *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 308 [extending the *Estrada* rule to legislation that "ameliorated the possible punishment for a class of persons"].) "[I]n order to rebut *Estrada*'s inference of retroactivity concerning ameliorative statutes, the Legislature must 'demonstrate its intention with sufficient clarity that a reviewing court can discern and effectuate it.'" (*Frahs*, at p. 634.)

Because the amendment to section 654 potentially confers ameliorative benefits to defendants convicted of multiple offenses based on the same act or course of conduct, the criteria for retroactive application is satisfied. Neither the text of the statute nor the legislative history of Assembly Bill No. 518 (2021–2022 Reg. Sess.) "clearly signal" the intent of "prospective-only application." (*People v. Frahs*, *supra*, 9 Cal.5th at pp. 631–632.) Therefore, we conclude the amendment "applies retroactively to all cases not yet final on appeal." (*Id*. at p. 632.)

## DISPOSITION

The cause is remanded to allow the trial court to exercise its discretion under section 654, subdivision (a). In all other respects, the judgment is affirmed.

9.