Filed 8/5/22 Lee v. Barrigan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SUE LEE, Plaintiff, Cross-defendant and Appellant, v. JOSE BARRIGAN, Defendant, Cross-complainant and Respondent. | E076929 (Super.Ct.No. CIVDS1710326) OPINION |

APPEAL from the Superior Court of San Bernardino County. Thomas S. Garza, Judge. Affirmed.

Vasu Vijayraghavan for Plaintiff, Cross-defendant and Appellant.

No Appearance for Defendant, Cross-complainant and Respondent.

Plaintiff, cross-defendant and appellant Sue Lee (Lee) appeals the denial of her motion for relief from default brought pursuant to Code of Civil Procedure section 473,

1

subdivision (b)[1] (the Motion).  This case involves a property dispute between Lee and defendant, cross-complainant and respondent Jose Barrigan (Barrigan).[2]  Lee did not appear at the trial on the property dispute and judgment was entered against her.  Lee hired counsel after trial, who filed the Motion, which was denied by the trial court.

Lee essentially claims on appeal that the trial court erred by denying her Motion as her failure to appear was due to mistake, inadvertence, surprise, or excusable neglect.

**FACTUAL AND PROCEDURAL HISTORY**

A.     THE MOTION

On January 4, 2021, Lee, through her counsel, filed the Motion, which was entitled "Notice of Motion and Motion to Vacate (Set Aside) Judgment on Cross-Complainant Cross-Complaint for Adverse Possession Entered on 06/2/2020 and Dismissal of Plaintiff's Complaint for Partition."  (All caps. & boldface omitted.)  Lee alleged that she was seeking an order to set aside the judgment entered on June 2, 2020, of the "Cross-Complainant Jose Barrigan . . . Cross-Complaint for Quite Title for 'Adverse Possession' . . . against the Cross-Defendants and Vacate the Dismissal of the Plaintiff's Complaint for 'Partition.' "  She also sought reversal of an attorney's fees award, which had been apparently awarded to Barrigan.

The facts in the Motion included that the gravamen of the case was based on contested issues between "co-owner's (aka co-tenants, i.e. legal title holder's) of a

---

[1]  All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]  Barrigan has not filed a respondent's brief in this case.

2

commercial property located at 1006 East 9th Street" in Upland. Lee and her husband, Robert Lee (collectively, the Lees), apparently transferred 50 percent of their interest through a contractual agreement in 1994 followed by a grant deed transfer. It is not clear to whom they transferred the property. They then filed a complaint for partition of real property against Barrigan on June 2, 2017 (hereafter, the Complaint). The Complaint has not been made part of the record. Barrigan then apparently filed a cross-complaint for quiet title by adverse possession on December 21, 2017 (hereafter, the Cross-complaint). The Cross-complaint has not been made part of the record.

A bench trial was conducted on March 9 and 10, 2020.[3] Three witnesses testified: Barrigan, "Cross-Defendant [Sunil] Bhasin" (Bhasin) and "Mario Gutierrez . . . the renter and witness." The Lees were not present. The court was closed for a time due to the Covid pandemic, and the trial court entered its judgment dismissing the Complaint and granting judgment in favor of Barrigan on the Cross-complaint. Attorney's fees were apparently awarded against the Lees on September 1, 2020.

Lee attempted to file the Motion in September 2020, but it could not be filed because cross-defendant Bhasin had filed an appeal. Once that appeal was dismissed, Lee filed the Motion.

Lee argued in the Motion that she was unable to attend the bench trial on the Complaint and the Cross-complaint based on " 'circumstances beyond her[] control.' "

_____

[3] According to the register of actions, a bench trial took place on March 9 and 10, 2020, with testimony and several exhibits being admitted. The trial court issued its statement of decision and ruling on March 12, 2020.

3

This included the death of her husband Robert, health issues, and the influence of the pandemic made it difficult to attend the trial. She insisted that if her evidence had been introduced at trial, the results of the trial would have been different. Barrigan's facts admitted at trial were all self-serving. Lee also argued that section 473, subdivision (b), should be liberally construed to favor hearing the matter on the merits.

Lee signed a declaration. She identified herself as the plaintiff and cross-defendant in the action. Lee stated that she was over the age of 70 and did not drive a car. She had "great difficultl[y] speaking English," which was not her primary language. She had numerous medical issues and required care from her family. Sometime during the case their counsel, Gary Redinger (Redinger), passed away and she and her husband Robert were forced to represent themselves. Several months prior to the trial on March 9, 2020, Robert passed away. She had to focus on issues involving his death. Lee was in shock due to Robert's death and was depressed. This caused her to "forget" the trial date. It was impossible for her to deal with the trial because "this case escaped" her attention. She was advised by family members that the trial was held outside her presence. Lee further was told by family members not to travel or make public appearances due to Covid especially based on her age and health issues.

Lee claimed she was told in January 2020 by "authority officials and/or my home country" to stay home. Further, on March 15, 2020, the United States government issued a mandatory stay at home order. As a result, her family recommended that she isolate herself. Based on these circumstances, she was not able to prepare for or attend the trial

4

on March 9 and March 10. She had a "valid excuse" for not appearing. She believed that she could have presented other relevant facts had she appeared at trial.

B. OPPOSITION TO THE MOTION

Barrigan filed opposition to the Motion on February 3, 2021. Barrigan provided additional facts. Barrigan alleged that the Lees filed the Complaint on June 2, 2017, while represented by Redinger. Barrigan then filed the Cross-complaint on December 21, 2017. A default judgment on the Cross-complaint was entered against the Lees on April 13, 2018. On July 23, 2018, after the Lees filed a motion to set aside the default judgment entered on April 13, 2018, they were granted relief from default. The first trial date was set for January 7, 2019. The trial court granted a continuance of the trial based on the Lees representation that they were seeking to hire new counsel. They received two additional continuances on their assurance they were meeting with prospective attorneys. On April 22, 2019, the Lees appeared and advised the trial court they still did not have an attorney and were not ready for trial. A trial date was set for September 8, 2020. Barragan filed a request to move up the trial, which was granted. Trial was to be held on January 6, 2020. A status conference was scheduled for November 6, 2019, but the Lees' daughter advised Barrigan's counsel, Amanda J. Potier (Potier), that the Lees would not be appearing at any further hearings. Several hearings were conducted regarding the trial date at which the Lees did not appear. The trial was set for March 9, 2020. Notice was sent to the Lees by the trial court. The Lees failed to appear at trial—the court was advised that it appeared Robert Lee had passed away—and judgment was entered

5

dismissing the Complaint and judgment in favor of the Cross-complaint. The stay-at-home order for Covid was not issued until March 19, 2020.

Barrigan contended that the Motion was untimely. Notice of entry of judgment was mailed to Lee on June 25, 2020. As such, she had until December 30, 2020, to file her Motion. She filed the Motion on January 4, 2021, which made it late. Further, Lee's failure to appear at trial was not due to a mistake, ignorance or inadvertence; it was intentional. Lee's daughter had informed Potier that Lee would not be appearing at any further hearings. Lee clearly was aware of the March 9, 2020, trial date. Further, Lee could find a ride to court and the court would provide an interpreter.

Potier filed a declaration in support of the opposition to the motion. She attested she received a phone call from Lee's daughter sometime prior to the November 6, 2019, status conference hearing; Lee's daughter advised Potier that Lee would not be appearing at any further hearings on the case.

Barrigan also made a request for judicial notice asking the court to notice the Complaint, Cross-complaint, previous relief from default, and several of the court's minute orders. Only one of those documents has been made part of the record on appeal: Executive Order N-33-20, the stay-at-home order due to Covid effective March 19, 2020.

## C.  REPLY TO OPPOSITION TO THE MOTION

Lee filed a reply to the opposition to the Motion. Initially, Lee argued that the Motion was timely. The Motion was filed immediately upon Bhasin's appeal being dismissed. Lee claimed for the first time that any notices sent to her were in English, not Lee's native language. She did not receive proper notice of the hearings. No legal

6

notices were provided to her after her husband Robert passed because she could not understand the notices sent to her.

Lee's counsel, Vasu Vijayraghavan (Vijayraghavan), filed a declaration. He attested that Lee did not understand English and all communication with her was through an interpreter. Lee had not received proper notice since her husband Robert died. Vijayraghavan objected to the statement purportedly made by Lee's daughter to Potier as hearsay.

D.     HEARING

The matter was heard on February 23, 2021. The trial court had read the Motion, opposition, and the reply to the opposition. The trial court understood that the Lees had been granted several continuances after Redinger died in order to obtain counsel. They had not obtained new counsel before trial. Robert Lee then passed away. The trial court noted that the trial occurred prior to the Covid pandemic shutdown. The trial court felt that numerous notices were sent to Lee about the continuances and trial dates. Further, before trial, the trial court received notice through Lee's daughter that Lee was not going to appear at trial and was not pursuing the matter.

The trial court then referred to Code of Civil Procedure section 764.010.[4] It required the court, in disputes involving real property, to enter judgment " 'in accordance

---

[4] Section 764.010 provides, "The court shall examine into and determine the plaintiff's title against the claims of all the defendants. The court shall not enter judgment by default but shall in all cases require evidence of plaintiff's title and hear such evidence as may be offered respecting the claims of any of the defendants, other than claims the validity of which is admitted by the plaintiff in the complaint. The court

*[footnote continued on next page]*

7

with evidence and the law.' " The trial court tentatively ruled, "[B]ased on what I would have to interpret as an equitable move, out of fairness to allow her to adjudicate the matter on the merits, I cannot escape the fact that in addition to the multiple notices that the Lee family had been provided and whatever circumstances existed pre Mr. Lee's death, where they never got new counsel, following his death, where they did not obtain new counsel, and also, as I mentioned, the daughter indicating they were not going to pursue the matter and being aware of this, the trial did, in fact, proceed on the law and the evidence. And that is where the Court made the decision in favor of Mr. Barrigan [¶] And Mr. Bhasin at that time was a participant in the trial and had disagreed with the Court's finding and pursued his rights in that regard. [¶] In any event, it appears to me that despite the unfortunate circumstances fallen on the Lee family, that the equitable notion of setting aside a judgment is normally done so, and only very little evidence is required to do that. But that's normally done when there's been a default or judgment entered against an unsuspecting party who has not been afforded the notice and has, in this instance, in my opinion, waived their rights by virtue of the notice without pursuing anything in court after multiple extensions and continuances to afford them the opportunity to get new counsel, or at the very least, represent themselves. That was not done. [¶] And so it would be my decision to deny the motion to vacate the judgment at this time. And I don't feel that, as much as it—my sympathies go to Mrs. Lee and her

---

shall render judgment in accordance with the evidence and the law." Lee did not provide the reporter's transcript of the trial proceedings on appeal. As such, we must presume on appeal the evidence presented in the trial court was sufficient to comply with section 764.010. (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)

family. I think, under the law and these set of circumstances, it's not warranted to set aside the judgment."

Lee's counsel argued that statements made by Lee's daughter were hearsay. Counsel described Lee as being an "old Vietnamese woman," who was frail and did not know English. She did not get notice of the hearings. The trial court should balance the cost to the court of reopening the matter against Lee's right to have her day in court. The trial court noted that the Lees had been to court several times after notice had been given and there never was a request to receive notice in Vietnamese. Further, the trial court clarified it would not consider the prejudice to the court but rather the prejudice to the parties. Lee's counsel also argued that the court could not presume that Lee's daughter spoke for her. The trial court also noted that Lee's declaration acknowledged that she received notice and that she had been in communication with her daughter.

Counsel for Barrigan stated that Bhasin had communicated to the trial court that he was in contact with the Lees. It was clear the Lees were getting notice of the trial proceedings. Further, Barrigan would be greatly prejudiced if the judgment was set aside. He had planned and prepared for trial three times. The matter had been continued several times. Lee's counsel argued that Lee also did not appear because she was afraid of Covid even though the stay-at-home order occurred after trial.

The trial court denied the motion to set aside the judgment. It found, "[B]ased on the fact that the Court has to believe that it's reasonably probable that Ms. Lee did get notice of the trial that had been continued several times at her and her husband's request, had voluntarily relinquished a known right and acted as a waiver with respect to their

interests in this lawsuit and trial. And that is why I am going to deny the motion to vacate the judgment."

The notice of ruling was filed on April 20, 2021.

## DISCUSSION

Lee essentially claims the trial court erred by denying her Motion. She argues that she did not receive adequate notice of the court hearings because she did not speak English, and the trial court and Barrigan were aware she did not speak English. She also contends that the court was required to give her notice in her native language of Vietnamese. She was further impacted by her husband Robert's death and the Covid pandemic, which excused her failure to appear at the trial.

### A.    RELEVANT LAW

"Section 473(b) contains two distinct provisions for relief from default. The first provision . . ., is discretionary and broad in scope: 'The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.' [Citation.] The second provision is mandatory, at least for purposes of section 473, and narrowly covers only default judgments and defaults that will result in the entry of judgments. This provision . . . declares as follows: 'Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting

10

default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.' " (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838-839.) This case does not involve an attorney mistake as Lee's counsel was hired after the judgment was entered. As such the discretionary provision of section 473, subdivision (b) applies.

"The concept of 'excusable,' . . . , is not synonymous with a get-out-of-jail free card for parties who later come to regret past inaction or sitting on their rights. ' "The inadvertence contemplated by the statute does not mean mere inadvertence in the abstract. If it is wholly inexcusable it does not justify relief. [Citations.] It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business his motion for relief under section 473 will be denied. [Citation.] Courts neither act as guardians for incompetent parties nor for those who are grossly careless of their own affairs. . . . The only occasion for the application of section 473 is where a party is unexpectedly placed in a situation to his injury without fault or negligence of his own and against which ordinary prudence could not have guarded.' " " (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 414-415.) "Section 473 is liberally construed

11

because the law strongly favors trial and disposition on the merits." (*Brochtrup v. Intep* (1987) 190 Cal.App.3d 323, 329.)

"The standard for appellate review of an order denying a motion to set aside under section 473 is quite limited. A ruling on such a motion rests within the sound discretion of the trial court, and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice. Where a trial court has discretionary power to decide an issue, an appellate court is not authorized to substitute its judgment of the correct result for the decision of the trial court. [Citations.] ' " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " ' " (*In re Marriage of King* (2000) 80 Cal.App.4th 92, 118, fn. omitted; see also *Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, 1144 ["The decision to grant relief on this basis 'is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse thereof, the exercise of that discretion will not be disturbed on appeal' "].)

Lee contends there are two standards of review: "*de novo* for Judgment of an Adverse Possession claim based on the discretionary relief provision of CCP, section 473(b) and abuse of discretion under the discretionary provision of CCP, section 473(b) relief from Dismissal of Appellants Partition Claim, for failure to prosecute." However, she provides no relevant authority to support such claim. Although Lee generally claims that de novo review is required for a question of law, she does not explain how the trial

12

court's resolution of the Motion was anything but a review of the facts to determine if there was a mistake, inadvertence, surprise or excusable neglect. We will review the trial court's denial of the Motion for an abuse of discretion.

B.    WAIVER

Initially, we note that Lee's appellant's opening brief is inadequate.

A "fundamental principle of appellate procedure [is] that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citation.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

California Rules of Court, rule 8.204(a)(1)(C) provides that each brief filed in the appellate court must "Support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." " 'It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations.' [Citation.] If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

13

Lee provides just three citations to the record in her entire brief.**5** Lee insists on appeal that she has shown mistake or inadvertence for failing to appear at the trial in this matter due to inadequate notice because she did not speak English, and the persons who had been interpreting for her had passed away. These claims rely on the declaration from Lee and other records. Lee also admits the standard of review is an abuse of discretion but does not refer to the reasons given by the trial court for denying the Motion. The trial court provided extensive reasoning for denying the Motion at the hearing on the Motion, which Lee ignores in the opening brief. Lee makes no effort to point this court to the record in order for us to determine if her claims are supported by the record. These claims are waived for failing to properly reference the record.**6**

We also note that " ' "if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. . . . Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta*, *supra*, 5 Cal.5th at p. 609; see also *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574. ["[A] party challenging a judgment has the burden of showing reversible error by an adequate record"].)

---

**5** Lee also refers in her opening brief to her declaration in support of the Motion but does not provide the citation to the record.

**6** We note that California Rules of Court rule 8.204(e) gives this court the discretion to strike the opening brief for noncompliance with the rules of court and allow Lee to file a corrected brief. However, this would not be beneficial as we conclude *post*, based on our own review of the record, that the trial court did not abuse its discretion.

14

Here, it is difficult for this court to address the claims raised in the appeal because of the sparse record provided by Lee. Lee has not provided the Complaint or the Cross-complaint. Further, she has failed to provide the transcript of the trial despite addressing that she could have presented evidence to contradict Barrigan's evidence. Although this is not fatal to a determination of whether the trial court abused its discretion by denying the Motion, this court can only speculate as to the dispute involved. While we do not find waiver on this ground, it has placed an undue burden on this court to not only have to review the record without any assistance, but also in trying to understand the dispute involved.

C. MERITS

Based on our own review of the record provided, we find that the trial court did not abuse its discretion by denying the Motion. Here, the trial court noted that the Lees had made several appearances in the case and requested continuances in order to obtain new counsel. They never hired new counsel to assist them with the trial. They also never requested that they receive notices in Vietnamese. The trial court felt that Lee had notice of the trial based on her declaration and that she acknowledged being in touch with her daughter. It also acknowledged that the Covid stay-at-home order was put in place after the trial.

The trial court's conclusion is supported by the record. Lee declared that she had "great difficulty speaking English" but never stated she did not understand the notices that were sent to her. Further, Lee declared that she "forgot" about the trial date, not that

15

she did not receive proper notice. She insisted the trial just "escaped her attention." Finally, the trial took place prior to the stay-at-home order for Covid being in effect.

The evidence showed that Lee was aware of the trial date but chose not to appear. As stated, "The concept of 'excusable,' . . . , is not synonymous with a get-out-of-jail free card for parties who later come to regret past inaction or sitting on their rights. ' "The inadvertence contemplated by the statute does not mean mere inadvertence in the abstract. . . . It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment." (*McClain v. Kissler*, *supra*, 39 Cal.App.5th at p. 414.) The evidence supports that Lee was aware of the trial but chose not to appear or seek a continuance from the trial court. This does not constitute inexcusable neglect, mistake or inadvertence under section 473, subdivision (b).

Further, without knowing what dispute is involved in this case, or what evidence Barrigan introduced at trial, we must presume that Barrigan would be prejudiced by the granting of the Motion based on him having to again present his case.

Lee insists that the trial court erred when it did not consider other relevant facts or evidence that were not presented at the trial in this matter. Lee claims these facts would contradict Barragan's evidence. These facts would defeat Barrigan's claim for quiet title based on adverse possession showing that she has been prejudiced. This claim is merely speculative and not supported by the record. As stated, Lee failed to provide the record of the trial in this matter. This court cannot consider the claim that Lee could have

16

presented evidence that would have resulted in a judgment in her favor when she has failed to apprise this court of the nature of the dispute involved. This claim lacks merit.

Based on the record before this court, the trial court properly determined that Lee's Motion should not be granted.

## DISPOSITION

The trial court's order denying the Motion is affirmed in full. Respondent has not appeared in this appeal; Lee shall bear her own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

SLOUGH
J.

FIELDS
J.

17